UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY BOHLMAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 2:19-cv-00366-DCN<br>Criminal No. 2:15-cr-00279-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court has before it Petitioner Jeremy Bohlman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1), and his second similar Motion (Dkt. 7),[1] to which the Government has filed a response (Dkt. 15). Having reviewed the briefing and the record in this action, the Court enters the following Order DENYING the motion.[2]

---

[1] Technically, filing a second motion is improper because Rule 9 of the Rules Governing Section 2255 Proceedings states that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *See also* 28 U.S.C. § 2255(h). However, because the Court views this second motion as a supplement to the first motion, rather than a subsequent motion, the Court finds no error. Future litigants are warned, however, that filing successive § 2255 motions without a court of appeals' authorization is typically improper and may lead to summary dismissal of the second motion.

[2] Additionally, Bohlman filed a Motion for Leave to Exceed Page Limits on his supporting memorandum. Dkt. 3. The Court generally discourages filing overlength briefs, Dist. Idaho Loc. Civ. R. 7.1(a)(2), but the Court GRANTS that motion because Bohlman asserts numerous grounds for relief in his motion and the Government did not object. The Court has considered the entire memorandum in coming to its conclusions.

**MEMORANDUM DECISION AND ORDER - 1**

## II. BACKGROUND

On December 15, 2015, a federal grand jury indicted Bohlman on one count of aggravated sexual abuse and one count of sexual abuse with a sentencing enhancement for being a repeat offender. *See* 18 U.S.C. §§ 2241 (aggravated sexual abuse), 2242 (sexual abuse), 2247 (repeat offenders). Bohlman pled not guilty to the charges and proceeded to a jury trial in September 2016. Before trial, however, the Government moved to admit evidence of Bohlman's prior sexual assault conviction, which the Honorable Edward J. Lodge granted. Defense counsel moved to admit evidence of the victim's subsequent sexual activity with a third party. Judge Lodge denied the motion under Federal Rule of Evidence 412.

At trial, the victim, Bohlman, and others testified. Ultimately, the jury found Bohlman guilty as charged on both counts. Thereafter, Judge Lodge imposed a sentence of 262 months, a sentence at the low-end of the applicable sentencing guideline range. The following day, Bohlman filed a notice of appeal.

In his appeal, Bohlman argued that Judge Lodge abused his discretion both when he admitted evidence of Bohlman's prior sexual assault conviction and when he excluded evidence of the victim's consensual sexual activity with a third party within twenty-four hours after the rape. The Ninth Circuit disagreed, concluded that Judge Lodge did not abuse his discretion on either ground, and affirmed the convictions. *United States v. Bohlman*, 734 F. App'x 425, 428 (9th Cir. 2018).

Bohlman then filed a petition for writ of certiorari. On October 1, 2018, the Supreme Court denied Bohlman's petition. Due to Judge Lodge taking inactive status, the case was reassigned for all future proceedings. Bohlman timely filed the instant § 2255 motion (Dkts. 1, 7) and a memorandum in support (Dkt. 4). The Government responded. Dkt. 15. Because the time for briefing has now ended, the matter is ripe.

### III. LEGAL STANDARD

**1. Standard for 28 U.S.C. § 2255 Motions**

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). A court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer

and motion, or after consideration of the pleadings and an expanded record. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required.

## 2. Standard for Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a § 2255 movant must meet the widely known two-part test: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U. S. 668, 687–88 (1984). To establish deficient performance, the movant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the movant must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, a movant must make a showing sufficient to undermine a court's confidence in the outcome. *Id.*

A claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Mere conclusory allegations are insufficient to state a

claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

## IV. DISCUSSION

In his motion, Bohlman asserts seven claims: (1) the statutes he was charged under were unconstitutionally vague, (2) counsel was ineffective for not moving to dismiss or appeal an alleged material variation in facts from the indictment, (3) Federal Rule of Evidence 414 is facially unconstitutional and unconstitutional as applied, (4) counsel was ineffective for not seeking a mistrial due to a denial of access to certain discovery, (5) counsel was ineffective for not appealing the reasonableness of his sentence, (6) counsel was ineffective for not seeking a psychological evaluation of him, and (7) the Court's exclusion of evidence under Federal Rule of Evidence 412 was improper.[3] The remedy he ultimately seeks is an evidentiary hearing or release from incarceration.

The Court will address these claims in turn except for the seventh claim. That claim is not appropriately raised as it has already been litigated on appeal. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States*

---

[3] In addition, Bohlman tangentially raises an eighth claim, which is that Judge Lodge erred in not providing a lesser included offense instruction because he denied a serious assault against the victim during his trial testimony. Dkt. 4, at 30. But he does not explain what that instruction should have been or any further reasons for why it should have been given. Importantly, Bohlman does not assert that this constituted ineffective assistance of counsel. "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This claim existed at the time of Bohlman's direct appeal and could have been raised there. Accordingly, it must be dismissed.

**MEMORANDUM DECISION AND ORDER - 5**

*v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Bohlman has not identified any appropriate basis for review under § 2255 on his seventh claim; instead, he simply seeks to relitigate the issue decided against him. *See Bohlman*, 734 F. App'x at 728. Therefore, the Court does not address the seventh claim any further.

1. **Constitutionality of 18 U.S.C. §§ 2241 and 2242**

    Bohlman begins by contending that counsel was ineffective for not arguing that the fear element of the federal sexual abuse and aggravated sexual abuse statutes are unconstitutionally vague and overbroad as applied to him. Those statutes prohibit a person from knowingly causing "another person to engage in a sexual act by threatening or placing that other person in fear" or "by threatening or placing that other person in fear that any person will be subject to death, serious bodily injury, or kidnapping," respectively. 18 U.S.C. §§ 2241(a)(2), 2242(1).

    More specifically, Bohlman argues that the statutes failed to provide him fair notice that his "cussing" and "throwing things" in past years could place the victim in the fear contemplated by the statutes. Dkt. 4, at 13–14. He says, "There is literally no evidence in the record which would indicate that [he] knew that [the victim] would have been afraid of him based on his pas[t] cussing and throwing things." *Id.* at 15. He further asserts that such a scenario would be novel construction and is unsupported by judicial precedent or statute as required by *United States v. Lanier*, 520 U.S. 259, 266 (1997). Bohlman's argument overlooks countervailing evidence in the record and precedent to the contrary.

"Whether a provision is vague for lack of fair notice is an objective inquiry." *Kashem v. Barr*, 941 F.3d 358, 371 (9th Cir. 2019). A court must look to "whether the law gives 'a person of ordinary intelligence fair notice of what is prohibited.'" *Id.* (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). If a statute is not vague as applied to the facts at issue, a party cannot assail the statute's constitutionality as to other factual situations. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010).

*United States v. Gavin*, 959 F.2d 788 (9th Cir. 1992), presents a particularly helpful example. There, the Ninth Circuit held that 18 U.S.C. § 2242(1)'s fear component is not unconstitutionally vague even though it fails to define fear. *Id.* at 791. The court explained that the possible range of fear under the statute is very large, but that a person of ordinary intelligence would understand the statute's bounds. *Id.* The court concluded that the statute was not vague as applied to the defendant where he kissed, fondled, and otherwise inappropriately touched the victim after grabbing her and locking the truck door despite her pleas for him to stop. *Id.* at 790–91.

In this case, Bohlman's void-for-vagueness argument is unpersuasive because the instant case facts provide an even clearer situation of inducing the fear proscribed by the statute than *Gavin*. Bohlman's argument also fallaciously employs a straw man; his argument ignores the full scope of potential fear-inducing evidence. That evidence includes the victim's perception of Bohlman as "a hothead" with "a temper" because he "gets angry and he starts cussing and he throws things around and he just gets violent," as Bohlman identifies. Dkt. 4, at 9. However, it also includes evidence that he neglects in his argument,

**MEMORANDUM DECISION AND ORDER - 7**

namely that he previously displayed other violent behavior, he made prior rejected sexual advances that caused the victim to go to the bathroom and lock the door, he then followed the victim and banged on the door, he yelled at the victim while she was in the bathroom, he blocked the victim's path when she attempted to leave, he is much larger in size compared to the victim, he grabbed and carried the victim to the bedroom despite her specifically telling him "no," and he took other physically aggressive actions before assaulting the victim. *See* Dkts. 4, at 9–12; 15, at 7–9. All these facts are material to the objective fear inquiry.[4] Bohlman also takes the victim's description of how he carried her to the bed out of context. *See* Dkt. 4, at 15. He suggests that he carried her protectively, but her description was given not to imply that he was caring for her but to assist the jury in understanding the manner in which he carried her.

Under these circumstances, a reasonable person of ordinary intelligence would have understood that Bohlman's conduct would have objectively induced fear as prohibited by the sexual abuse statutes. Therefore, his counsel did not render ineffective assistance by not asserting the constitutional arguments that Bohlman now raises because those arguments would have been unsuccessful. *See Wildman v. Johnson*, 261 F.3d 832, 842 (9th Cir. 2001).

**2. Material Variation in the Indictment**

---

[4] To be sure, Bohlman includes evidence of these facts in his memorandum, but he argues as if they didn't exist.

**MEMORANDUM DECISION AND ORDER - 8**

Bohlman next argues that the Government materially varied from the facts alleged in the Indictment such that counsel was ineffective for not moving to dismiss or appeal the same. He asserts that "the Government's theory veered" from facts in the indictment that he threw the victim on the bed and held her down to a theory that his cussing and throwing things caused the victim's fear. Dkt. 4, at 17. Again, this argument mischaracterizes the record for the same points explained above.

Bohlman's argument is unpersuasive for two more reasons. First, the evidence presented at trial could have provided a reasonable jury a basis to conclude that the indictment facts were met. Second, the Government did not need to prove the surplus facts in the indictment, only the elements of the crime. *United States v. Anderson*, 391 F.3d 970, 976 (9th Cir. 2004) ("To the extent the indictment went beyond alleging elements of the crime, it is mere surplusage that need not be proved." (cleaned up)); *United States v. Jenkins*, 785 F.3d 1387, 1392 (9th Cir. 1986) ("Insofar as the language of an indictment goes beyond alleging elements of the crime, it is mere surplusage that need not be proved."); *see also United States v. Wanland*, 657 F. App'x 631, 635 (9th Cir. 2016). Thus, Bohlman's counsel was not ineffective because a reasonable attorney would not have taken the action Bohlman seeks, and even if an attorney would have, it would have made no difference.

### 3. Constitutionality of Federal Rule of Evidence 414

Bohlman also contends that Rule 414 is unconstitutional both facially and as applied to him. The rules of evidence allow for the admission of evidence that a defendant in a

**MEMORANDUM DECISION AND ORDER - 9**

criminal case committed another sexual assault or child molestation where relevant and accused of the same. Fed. R. Evid. 413(a), 414(a). Bohlman's constitutional challenges are foreclosed by controlling precedent. *E.g.*, *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001) ("Rule 414 is constitutional on its face."); *id.* (explaining that if the prior acts "were properly admitted under Rule 403, there can have been no as-applied constitutional violation" (citing *United States v. Castillo*, 140 F.3d 874, 882 (10th Cir. 1998)); *Bohlman*, 734 F. App'x at 428 (affirming the admission of the evidence); *see also United States v. Abrams*, 761 F. App'x 670, 675 (9th Cir. 2019).[5]

## 4. Discovery

Bohlman then turns his attention to an alleged discovery violation. He asserts that his counsel was ineffective for not moving for a mistrial when the Government disclosed an FBI agent's notes from an interview with the victim midtrial. Dkts. 4, at 24–25; 7, at 6–7. This argument misconceives the proper operation of the rules of criminal procedure.

Federal Rule of Criminal Procedure 26.2 incorporated the Jencks Act. Both Rule 26.2 and the Jencks Act require a court to order, on a defendant's motion, production of any witness statements that the Government possesses related to the subject matter of a witness's testimony after the witness has testified. *See* 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). "A 'statement' is 'a written statement made by said witness and signed or

---

[5] As was the case with Bohlman's seventh claim, the Court will not address Bohlman's arguments that the district court erred in its admission of the evidence because they were rejected on direct appeal. *See Hayes*, 231 F.3d at 1139.

otherwise adopted or approved by him,' or a 'substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement.'" *United States v. Reed*, 575 F.3d 900, 920 (9th Cir. 2009) (quoting 18 U.S.C. § 3500(e)); *see also* Fed. R. Crim. P. 26.2(f).

Here, several points undercut Bohlman's argument. First, disclosure of the notes is required only after the witness testifies. So, the Government's disclosure midtrial was procedurally appropriate. Second, the Government did not even need to produce the notes because the notes were not a "statement" of the victim as defined by the Rule and the Act; rather, they were the FBI agent's notes from the interview. *See Reed*, 575 F.3d at 921; *see also United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004). Lastly, the Government disclosed the notes anyway, which defense counsel used to cross-examine the victim.[6] Thus, contrary to Bohlman's argument, his counsel was not ineffective because counsel obtained materials counsel might not have in fact had a right to obtain and used the same. Nothing indicates that counsel should have moved for a mistrial or that a mistrial was reasonably probable.

---

[6] To the extent the evidence could be viewed as *Brady* material, there was no violation of the prosecutorial disclosure duty because the material was disclosed to defense counsel in accordance with the Jencks Act (after the victim testified), defense counsel had an opportunity to read the FBI agent's notes prior to cross-examination, and defense counsel in fact used the notes to cross-examine the victim. *See United States v. Jones*, 612 F.2d 453, 454–55 (9th Cir. 1979) (explaining that the appellant's "reliance on the Jencks Act as a pre-trial discovery tool [was] completely misplaced," that "Jencks Act standards control," and that there is no "violation of due process or right to effective assistance of counsel where the government complied with the Jencks Act and defense counsel had time to read the documents prior to cross-examination"); *see also Alvarez*, 358 F.3d at 1211.

**MEMORANDUM DECISION AND ORDER - 11**

### 5. Reasonableness of the Sentence

Bohlman next argues that he received ineffective assistance of counsel when his counsel did not appeal the reasonableness of his sentence. He asserts that Judge Lodge failed to properly apply the factors under 18 U.S.C. § 3553(a) "as the sentencing colloquy and explanation were neither detailed nor thoughtful." Dkt. 4, at 26. He also states that counsel was asked to present this issue on direct appeal and counsel did not. Bohlman's argument is unpersuasive, however, because neither the record nor the law supports it.

Although counsel did not argue this particular issue on appeal, counsel provided effective assistance in the appeal counsel pursued. "While the accused has the ultimate authority to decide whether to take an appeal, the choice of what specific arguments to make within that appeal belongs to appellate counsel." *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019); *see also McCoy v. Louisiana*, 138 S. Ct. 1500, 1508 (2018) (noting that counsel's decisions include "what arguments to pursue" (cleaned up)); *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (explaining that defendants do not have a constitutional right "to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Indeed, "[a] hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court." *Moormann v. Ryan*, 628 F.3d 1102 (9th Cir. 2010) (quoting *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997)); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000).

The record readily reflects that Judge Lodge adequately considered the 3553(a) factors. He expressly stated that he looked at the factors and discussed several of them, including the history and characteristics of Bohlman, the need for the sentence to be sufficient but not greater than necessary, the risk of danger to society, and the defendant's potential for recidivism. *See* 18 U.S.C. § 3553(a); *see also United States v. Chavez*, 611 F.3d 1006, 1010–11 (9th Cir. 2010) (noting that the district court need not go through a checklist of the § 3553(a) factors and that the court need only consider them). Moreover, the sentence imposed was a guideline sentence, which did not require a lengthy explanation. *United States v. Overton*, 573 F.3d 679, 699 (9th Cir. 2009) ("When a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Because Judge Lodge addressed the 3553(a) factors, counsel made the wise strategic decision—completely within counsel's purview—to focus on stronger appellate issues— one of which was in fact partially successful. *Bohlman*, 734 F. App'x at 428 (explaining that the district court "erred by failing to engage in a fulsome discussion of each of the *LeMay* factors" but that it did not abuse its discretion because the *LeMay* factors were met). In short, counsel was not ineffective because the appellate representation rendered was not deficient.

### 6. Psychological Evaluation

Lastly, for the first time in the entire litigation of his case, Bohlman claims that he had mental-health and drug-use problems that affected the *mens rea* element of the crimes

and that counsel was ineffective for not seeking a psychological evaluation or otherwise investigating the issue. Bohlman asserts that there is ample record evidence of these problems, but he does not cite the record at all.

"Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003). Even if defense counsel does not ask for one, "a trial judge must conduct a competency hearing whenever the evidence before him raises a bona fide doubt about the defendant's competence to stand trial." *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001).

Bohlman cites *Douglas* and *Odle* to support his argument. But unlike *Douglas* and *Odle*, which both involved extensive evidence of mental-health issues, mental-health evidence did not exist here. In fact, Bohlman's own statements indicate otherwise. When questioned on the issue, he told the probation officer preparing the presentence report that he had "no history of mental or emotional problems." Dkt. 15, at 22. Bohlman's counsel also states in her affidavit submitted by the Government that she observed "no signs during [her] numerous interactions" with Bohlman that he was incompetent to stand trial or was psychologically impaired at the time of the offense. Dkt. 15-1, at 2.

Bohlman's counsel also points out that "Bohlman was charged with general intent crimes," and therefore "neither voluntary intoxication nor diminished capacity were legally available defenses." *Id.* This is correct. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) ("In general, 'purpose' corresponds to the concept of specific

intent, while 'knowledge' corresponds to general intent." (citing *United States v. Bailey*, 444 U.S. 394, 405 (1980)); *United States v. Sneezer*, 900 F.2d 177, 179 (9th Cir. 1990) (explaining that sexual abuse and aggravated sexual abuse are general intent crimes and that voluntary intoxication and diminished capacity defenses are therefore unavailable); *see also United States v. Vela*, 624 F.3d 1148, 1154 (9th Cir. 2010) (explaining that diminished capacity is not a viable defense to a general intent crime).

Accordingly, due to the lack of mental-health evidence and the lack of diminished capacity as an available defense, counsel made a reasonable strategic decision in not pursuing any capacity issues further and focusing instead on other defenses. *Cf. Williams v. Woodford*, 384 F.3d 567, 612 (9th Cir. 2004). Bohlman has not carried his burden of proving deficient performance or prejudice, and his claim for ineffective assistance of counsel necessarily fails.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Bohlman has failed to make that showing. Accordingly, the Court will not issue a COA.

If Bohlman wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id.* ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Bohlman's conviction or sentence at this time, or to conduct an evidentiary hearing on the same. Thus, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkts. 1, 7) is DENIED.

## VII. ORDER

**IT IS ORDERED:**

1. Bohlman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkts. 1, 7) is **DENIED**.

2. Bohlman's Motion to Exceed Page Limits (Dkt. 3) is **GRANTED**.

3. No certificate of appealability shall issue.

**MEMORANDUM DECISION AND ORDER - 16**

4.If Bohlman files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

5.The Court will issue a separate Judgment as required by Rule 58(a).

DATED: November 10, 2020

David C. Nye
Chief U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 17**